1  CECILY A. WATERMAN, State Bar No. 63502
   MEGAN BARRY BOROVICKA, State Bar No. 241205
2  MORGAN, LEWIS & BOCKIUS LLP
   One Market, Spear Street Tower
3  San Francisco, CA 94105
   Tel: 415.442.1000
4  Fax: 415.442.1001
   E-mail: cwaterman@morganlewis.com
5  E-mail: mborovicka@morganlewis.com

6  Attorneys for Defendants
   PHILIPS ELECTRONICS LTD.,
7  PHILIPS ELECTRONICS NORTH AMERICA
   CORP., PHILIPS MEDICAL SYSTEMS
8  (CLEVELAND), INC., PHILIPS MEDICAL
   FINANCIAL SERVICES, INC.,
9  IAIN BURNS, and STEVE HURWITZ

10
                        UNITED STATES DISTRICT COURT
11
                       NORTHERN DISTRICT OF CALIFORNIA
12

13
   LOU RAMONDETTA,                          Case No. C-07-03329
14
                    Plaintiff,               DEFENDANTS' MEMORANDUM OF
15                                           POINTS AND AUTHORITIES IN SUPPORT
         vs.                                 OF MOTION TO DISMISS PURSUANT TO
16                                           FED. RULE CIV. PROC. 12(b)(2), 12(b)(6)
   PHILIPS ELECTRONICS LIMITED,              AND MOTION FOR MORE DEFINITE
17 PHILIPS ELECTRONICS NORTH                 STATEMENT
   AMERICA CORPORATION, IAIN
18 BURNS, STEVE HURWITZ, PHILIPS
   MEDICAL SYSTEMS (CLEVELAND),              Date: August 8, 2007
19 INC., PHILIPS MEDICAL FINANCIAL           Time: 10:30 a.m.
   SERVICES, INC.,                           Judge: The Hon. Magistrate Judge Chen
20
                    Defendants.
21

22
23
24
25
26
27
28

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
   CALIFORNIA          1-SF/7567173.1                DEFENDANTS' MOTION TO DISMISS AND MOTION
                                                          FOR MORE DEFINITE STATEMENT
                                                              CASE NO. C-07-03329

## I. INTRODUCTION

Plaintiff Lou Ramondetta ("Plaintiff") has brought indecipherable causes of action against the wrong entities, and has brought them not only in the wrong court, but the wrong country. Plaintiff was employed in Ontario, Canada by a Canadian corporation, Defendant Philips Electronics Ltd. He and was terminated for cause by that corporation, based upon Plaintiff's misconduct while working in Canada. He now brings a breach of contract claim in American court without alleging any facts to support a cause of action or this Court's jurisdiction.

Defendants Philips Electronics Ltd. ("PEL"), Philips Electronics North America Corporation ("PENAC"), Philips Medical Systems (Cleveland), Inc., Philips Medical Financial Services, Inc., Iain Burns, and Steve Hurwitz (collectively, "Defendants") request that Plaintiff's claims be dismissed based upon failure to state a claim on which relief can be granted and lack of personal jurisdiction. In the alternative, Plaintiff should be required to provide a more definite statement as to the causes of action asserted and the basis for jurisdiction so that Defendants may adequately respond to the Complaint.

## II. FACTS AND PROCEDURAL HISTORY

Plaintiff Lou Ramondetta is a former employee of Defendant PEL, a Canadian corporation located in Ontario, Canada. Declaration of Iain Burns ("Burns Decl.") ¶ 4. Due to intentional misconduct and misrepresentation on his part, Plaintiff was terminated for cause on or about July 22, 2004. Individual Defendants Iain Burns and Steve Hurwitz are employees of PEL, and Mr. Burns is one of Plaintiff's former managers. Burns Decl. ¶¶ 3, 7; Declaration of Steve Hurwitz ("Hurwitz Decl.") ¶ 3. Both are citizens and residents of Canada. Burns Decl. ¶ 2; Hurwitz Decl. ¶ 2.

Defendant PENAC is an American affiliate corporation to Defendant PEL, incorporated in Delaware and based in New York. Defendant Philips Medical Systems (Cleveland), Inc. is a New York corporation with its principal place of business in Ohio, and Defendant Philips Medical Financial Services, Inc. is a Washington corporation. Plaintiff makes no allegations as to how any of these three entities contracted with him, or under what terms.

Plaintiff instituted this civil action in the Superior Court of the State of California for the

County of Contra Costa on or about April 25, 2007, with the assigned case number C0700818. The Summons and Complaint were served upon Defendants PEL and Iain Burns on or about May 24, 2007, and upon Defendant Steve Hurwitz on or about May 25, 2007. Defendants PENAC, Philips Medical Systems (Cleveland), Inc., and Philips Medical Financial Services, Inc. were served with the Summons and Complaint on or about June 7, 2007.

Defendants removed the instant lawsuit to this Court on or about June 25, 2007, based upon diversity jurisdiction.

### III. ARGUMENT

Plaintiff's claims should be dismissed against all Defendants based upon failure to state a claim on which relief can be granted, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6); and against Defendants PEL, Iain Burns, and Steve Hurwitz for lack of personal jurisdiction, pursuant to FRCP 12(b)(2). In the alternative, Plaintiff should be required to provide a more definite statement as to the causes of action asserted and the basis for jurisdiction.

#### 1. Plaintiff's Claims Should Be Dismissed Against All Defendants For Failure To State A Claim Upon Which Relief Can Be Granted Pursuant to FRCP 12(b)(6).

Federal Rule of Civil Procedure 12(b)(6) provides that a cause of action may be dismissed for "failure to state a claim upon which relief can be granted." Dismissal is proper where there is either a lack of a cognizable legal theory or an absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

Here, Plaintiff alleges a "breach of contract" by Defendants but has not alleged *any* facts to support such a claim. He has failed to identify or describe a contract between himself and any of the Defendants, allege his own performance under the contract, allege how any of the Defendants breached a contract, or allege how damages resulted from a breach. Plaintiff has also asserted a "common counts" cause of action,[1] yet provides no guidance as to what legal theory these claims entail. Thus, Plaintiff's Complaint does not assert a cognizable legal theory supported by any factual allegations and should be dismissed against all Defendants.

---

[1] Although Plaintiff's Complaint indicates that it attaches a "Demand Letter," Defendants were not served with any letter attachment to the Complaint.

1-SF/7567173.1    3    DEFENDANTS' MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT CASE NO. C-07-03329

### 2. Plaintiff's Claims Should Be Dismissed Against Defendants PEL, Iain Burns, and Steve Hurwitz For Lack of Personal Jurisdiction Pursuant to FRCP 12(b)(2).

Due process requires that for this Court to maintain personal jurisdiction over the Defendants, Defendants must have certain "minimum contacts" with the state of California so that it is fair and just to continue the case here. *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945). Plaintiff bears the burden of proof on necessary jurisdictional facts. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

However, Plaintiff has not asserted proper jurisdiction over the Defendants, and in fact has asserted *no* allegations regarding personal jurisdiction. When a plaintiff's jurisdictional theory is challenged, the Court need only determine whether the facts alleged, if true, are sufficient to establish jurisdiction. *Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 153 (2d Cir. 1999). In this case, the Complaint's absence of jurisdictional assertions is clearly insufficient.

Furthermore, minimum contacts with California cannot be demonstrated against Defendants PEL, Iain Burns, and Steve Hurwitz. PEL is a Canadian corporation that does not do business in California. Burns Decl. ¶ 4. Mr. Burns and Mr. Hurwitz are Canadian citizens and residents who do not work or conduct business in California. Burns Decl. ¶¶ 2, 5; Hurwitz Decl. ¶ 2, 4. Mr. Burns has not been to California in the past five years. Burns Decl. ¶ 6. Mr. Hurwitz has been to California only one time in the past five years, for personal vacation. Hurwitz Decl. ¶¶ 5, 6. Their communications and interactions with Plaintiff during his employment with PEL occurred primarily in Canada, and did not occur in California. Burns Decl. ¶ 8; Hurwitz Decl. ¶ 7.

Plaintiff's claims against PEL, Mr. Burns, and Mr. Hurwitz should be dismissed due to Plaintiff's failure to assert, and inability to establish, personal jurisdiction over these defendants.

### 3. Plaintiff Should Be Required To File A More Definite Statement As to All Defendants Pursuant to FRCP 12(e).

For the foregoing reasons, Plaintiff's claims should be dismissed against all Defendants. However, should the Court determine not to dismiss Plaintiff's Complaint, Defendants request

that Plaintiff be required to submit a more definite statement of his claims. Such a motion is appropriate when a complaint is so indefinite that Defendants cannot ascertain the nature of the claims being asserted and cannot reasonably be expected to frame a proper response. *Cellars v. Pacific Coast Packaging, Inc.*, 189 FRD 575, 578 (N.D. Cal. 1999).

Plaintiff's Complaint requires a more definite statement regarding both the substance and nature of Plaintiff's causes of action, and the basis for jurisdiction in California. For example, as explained above, Plaintiff asserts a breach of contract claim, but has not identified a contract on which this claim is based, nor whether the contract is written or oral. He has also not alleged his performance under the contract, how Defendants have breached a contract, nor how any breach has caused him damages. Plaintiff also asserts "common counts," but provides no clues as to what these causes of action entail. Furthermore, Plaintiff has not asserted any facts regarding personal jurisdiction over any of the Defendants, making it difficult for Defendants to challenge personal jurisdiction. Although Plaintiff's claims should be dismissed for the reasons described in this motion, if the Complaint is maintained, Plaintiff should be required to bring a more definite statement so that Defendants may be able to respond to his allegations.

### IV. CONCLUSION

Defendants respectfully request that their Motion to Dismiss be granted, or that in the alternative, the Court grant their Motion For a More Definite Statement.

Dated: July 2, 2007                                     MORGAN, LEWIS & BOCKIUS LLP

By _____
CECILY A. WATERMAN
MEGAN BARRY BOROVICKA
Attorneys for Defendants
PHILIPS ELECTRONICS LTD.,
PHILIPS ELECTRONICS NORTH AMERICA CORP., PHILIPS MEDICAL SYSTEMS (CLEVELAND), INC.,
PHILIPS MEDICAL FINANCIAL SERVICES, INC., IAIN BURNS, and STEVE HURWITZ