1  CECILY A. WATERMAN, State Bar No. 63502
   MEGAN BARRY BOROVICKA, State Bar No. 241205
2  MORGAN, LEWIS & BOCKIUS LLP
   One Market, Spear Street Tower
3  San Francisco, CA 94105
   Tel: 415.442.1000
4  Fax: 415.442.1001
   E-mail: cwaterman@morganlewis.com
5  E-mail: mborovicka@morganlewis.com

6  Attorneys for Defendants
   PHILIPS ELECTRONICS LTD.,
7  PHILIPS ELECTRONICS NORTH AMERICA
   CORP., PHILIPS MEDICAL SYSTEMS
8  (CLEVELAND), INC., PHILIPS MEDICAL
   FINANCIAL SERVICES, INC.,
9  IAIN BURNS, and STEVE HURWITZ

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOU RAMONDETTA, | Case No. C-07-03329 |
| Plaintiff, | **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. RULE CIV. PROC. 12(b)(2), 12(b)(6) AND MOTION FOR MORE DEFINITE STATEMENT** |
| vs. | |
| PHILIPS ELECTRONICS LIMITED, PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, IAIN BURNS, STEVE HURWITZ, PHILIPS MEDICAL SYSTEMS (CLEVELAND), INC., PHILIPS MEDICAL FINANCIAL SERVICES, INC., | Date: September 12, 2007<br>Time: 10:00 a.m.<br>Judge: The Hon. Magistrate Judge Chen |
| Defendants. | |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7593486.1

DEFENDANTS' REPLY IN SUPPORT OF ITS
MOTION TO DISMISS
CASE NO. C-07-03329

## I. INTRODUCTION

Plaintiff Lou Ramondetta ("Plaintiff") brings a breach of contract claim against his former employer and other entities, but even after having an opportunity to oppose this Motion to Dismiss,[1] has failed to allege facts sufficient to state a claim on which relief can be granted. Furthermore, although Plaintiff has established that *he* has numerous contacts with the state of California, he fails to demonstrate or even allege the minimum contacts between California and Defendants Philips Electronics Ltd., Iain Burns, and Steve Hurwitz necessary to support personal jurisdiction in this Court.

Defendants Philips Electronics Ltd. ("PEL"), Philips Electronics North America Corporation ("PENAC"), Philips Medical Systems (Cleveland), Inc., Philips Medical Financial Services, Inc., Iain Burns, and Steve Hurwitz (collectively, "Defendants") request that Plaintiff's claims be dismissed based upon failure to state a claim on which relief can be granted, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). Defendants PEL, Iain Burns, and Steve Hurwitz further request that the Complaint be dismissed for lack of personal jurisdiction, pursuant to FRCP 12(b)(2). In the alternative, in addition to those papers filed with his Opposition, Plaintiff should be required to provide a more definite statement as to the causes of action asserted and the basis for jurisdiction so that Defendants may adequately respond to the Complaint.

## III. ARGUMENT

### 1. Plaintiff's Claims Should Be Dismissed Against All Defendants For Failure To State A Claim Upon Which Relief Can Be Granted Pursuant to FRCP 12(b)(6).

Plaintiff alleges a "breach of contract" by Defendants but has not alleged *any* facts to support such a claim. Although he refers to the existence of an employment contract in his Opposition, he does not describe any of the terms of the contract. Most importantly, he does not assert what provisions of the contract were breached by which, if any, of the Defendants. He also

---

[1] Although Plaintiff has filed a "Motion Not To Dismiss Case," Defendants treat each of Plaintiff's papers filed on August 8, 2007 (dated August 3, 2007) and August 21, 2007 (dated August 16, 2007) to be in opposition to Defendants' Motion to Dismiss. If the Court interprets any of Plaintiff's filings as a separate motion, Defendants intend this Reply brief to serve as opposition to Plaintiff's motion.

does not allege his own performance under the contract, a necessary element of a *prima facie* claim for breach of contract.

Plaintiff has also asserted a "common counts" cause of action without asserting what legal theory or theories these claims entail. In his Opposition, Plaintiff lists several alleged actions by "Philips" or by the "Defendants" which he finds objectionable. However, he does not present a cognizable legal theory for any liability owed to Plaintiff. He also does not clarify how or which of the six Defendants have allegedly harmed him.

For these reasons, dismissal of the entire Complaint against all Defendants is appropriate under FRCP 12(b)(6), due to Plaintiff's failure to state a claim upon which relief can be granted. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

### 2. Plaintiff's Claims Should Be Dismissed Against Defendants PEL, Iain Burns, and Steve Hurwitz For Lack of Personal Jurisdiction Pursuant to FRCP 12(b)(2).

Plaintiff has not demonstrated proper jurisdiction over Defendants PEL, Iain Burns, and Steve Hurwitz. For this Court to maintain personal jurisdiction over these Defendants, Plaintiff must prove that the Defendants have certain "minimum contacts" with the state of California. Plaintiff's own connection to California is irrelevant to the Court's ability to assert jurisdiction over the Defendants.

The Declarations by Mr. Burns and Mr. Hurwitz submitted with Defendants' Motion establish that Defendants PEL, Iain Burns, and Steve Hurwitz do not have minimum contacts with California. Defendant PEL is a Canadian corporation that does not do business in California. Plaintiff's Opposition allegations regarding "Philips"' California facilities and products sold in California are nothing more than Plaintiff's conclusory opinions. Plaintiff further alleges that the "Defendants" "did business in California" by recruiting and hiring him. Any efforts by "Philips" to "hire a recruiting company" and recruit Plaintiff to work out of PEL's offices in Canada do not establish minimum contacts with California sufficient to establish jurisdiction over PEL, regardless of whether Plaintiff maintained a residence in California. Plaintiff also claims that the "Defendants" "did a substantial portion of the events and interactions

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7593486.1                                3                          DEFENDANTS' REPLY IN SUPPORT OF ITS
                                                                         MOTION TO DISMISS
                                                                         CASE NO. C-07-03329

that gave rise to this lawsuit" in this district. However, given Plaintiff's failure to allege facts supporting his causes of action, as explained above, Defendants are unaware of to what "events" Plaintiff refers and which Defendants allegedly "did" them. Nonetheless, from the face of Plaintiff's Complaint and Opposition, jurisdiction is still improper against PEL because the allegations against PEL, Plaintiff's Canadian employer who terminated him for cause from his position in Canada while Plaintiff and those with whom he interacted at PEL were physically in Canada, do not include "events" in California.

Mr. Burns and Mr. Hurwitz are Canadian citizens and residents who do not work or conduct business in California. Mr. Burns has not been to California in the past five years.[2] Mr. Hurwitz has been to California only one time in the past five years, for personal vacation. While Plaintiff was employed by PEL and after his termination, Mr. Burns and Mr. Hurwitz communicated with Plaintiff primarily from Canada. Even if they occasionally called him from locations in the United States, they did not do so from California. Moreover, although Plaintiff alleges that Mr. Burns and Mr. Hurwitz are "key witnesses" to his case, this fact is irrelevant to personal jurisdiction.

The Complaint against PEL, Mr. Burns, and Mr. Hurwitz should be dismissed pursuant to FRCP 12(b)(2), due to the Court's lack of personal jurisdiction over these Defendants. *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945); *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

3. **Plaintiff Should Be Required To File A More Definite Statement As to All Defendants Pursuant to FRCP 12(e).**

For the foregoing reasons, Plaintiff's claims should be dismissed against all Defendants. However, should the Court determine not to dismiss Plaintiff's Complaint, Defendants request that Plaintiff be required to submit a more definite statement of his claims. Despite additional papers filed with Plaintiff's Opposition, including his "Complaint Details and More Definite Statement," the Complaint remains so indefinite that Defendants cannot ascertain the nature of

---

[2] In support of his Opposition, Plaintiff declares, without foundation for the assertion, that Mr. Burns has recently been to the United States to conduct business. Regardless of whether this is true, Plaintiff does not and cannot dispute that Mr. Burns does not conduct business *in California*.

the claims being asserted and cannot reasonably be expected to frame a proper response. *Cellars v. Pacific Coast Packaging, Inc.*, 189 FRD 575, 578 (N.D. Cal. 1999).

For both Plaintiff's breach of contract and "common counts" claims, Plaintiff should be required to present factual allegations supporting a cognizable legal theory. Defendants should not be expected to create causes of action from Plaintiff's list of alleged "wrongs" against him in order to respond to the Complaint. Plaintiff should also be required to clarify his few jurisdictional allegations so that each of the six separate Defendants may respond.

## IV. CONCLUSION

Defendants respectfully request that their Motion to Dismiss be granted, or that in the alternative, the Court grant their Motion For a More Definite Statement.

Dated: August 29, 2007                                      MORGAN, LEWIS & BOCKIUS LLP

By _____
CECILY A. WATERMAN
MEGAN BARRY BOROVICKA
Attorneys for Defendants
PHILIPS ELECTRONICS LTD.,
PHILIPS ELECTRONICS NORTH
AMERICA CORP., PHILIPS MEDICAL
SYSTEMS (CLEVELAND), INC.,
PHILIPS MEDICAL FINANCIAL
SERVICES, INC., IAIN BURNS, and
STEVE HURWITZ

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7593486.1                              5                      DEFENDANTS' REPLY IN SUPPORT OF ITS
                                                                   MOTION TO DISMISS
                                                                   CASE NO. C-07-03329


# PROOF OF SERVICE

I am a resident of the State of California and over the age of eighteen years and not a party to the within-entitled action; my business address is One Market, Spear Street Tower, San Francisco, California 94105-1126.

On August 29, 2007, I served the within document(s):

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. RULE CIV. PROC. 12 (b)(2), 12(b)(6) AND MOTION FOR MORE DEFINITE STATEMENT

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☒ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐ by causing the document(s) listed above to be personally delivered at to the person(s) at the address(es) set forth below.

☐ by transmitting via electronic mail the document(s) listed above to each of the person(s) as set forth below.

Lucien Ramondetta, Pro Per
2335 Stewart Avenue
Walnut Creek CA 94596

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on August 29, 2007, at San Francisco, California.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this court at whose direction the service was made, and that the foregoing is true and correct.

Patricia De La Hoya Murphy

1-SF/7567737.1                                                                                          ()