UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOU RAMONDETTA, | No. C-07-3329 EMC |
| Plaintiff, | |
| v. | **ORDER RE PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| PHILIPS ELECTRONICS LIMITED, *et al.*, | |
| Defendant(s). | |
| _____/ | |

Previously, the Court deferred ruling on Defendants' motion to dismiss and for a more definite statement in order to give Plaintiff Lou Ramondetta an opportunity to file a supplemental declaration with respect to the issue of personal jurisdiction over Philips Electronics Ltd. ("PEL"), Iain Burns, and Steve Hurwitz.

On November 2, 2007, Mr. Ramondetta filed a document titled "More Defin[i]te Statement Per Hearing Request," which did not constitute a declaration as it was not signed under penalty of perjury. In this document, Mr. Ramondetta made allegations that PEL, Mr. Burns, and Mr. Hurwitz all "did business" in California. Mr. Ramondetta further made various allegations as to how Defendants wronged him -- allegations that were not a part of his original complaint or a part of the document titled "Complaint Details and More Definite Statement" which he filed in conjunction with his opposition to Defendants' motion to dismiss and for a more definite statement. These allegations suggest that Mr. Ramondetta wishes to assert claims for relief beyond those alleged in his original complaint or suggested by the document titled "Complaint Details and More Definite Statement." For example, based on the allegations in the "More Defin[i]te Statement Per Hearing

Request," it appears that Mr. Ramondetta is asserting that not only did Defendants breach an agreement with him but they also, *inter alia*, wrongfully terminated him, tortiously interfered with his contractual relations, harassed him, retaliated against him, and discriminated against him on the basis of his national origin and age. According to Mr. Ramondetta, these actions by Defendants caused him damage in the amount of $565,086, a greater sum than that sought in either his original complaint ($362,482) or his "Complaint Details and More Definite Statement" document ($377,586).

Taking into account Mr. Ramondetta's failure to comply with the Court's previous order and the breadth of the new allegations in his "More Defin[i]te Statement Per Hearing Request" document, the Court finds that the best way to proceed is for Mr. Ramondetta to file an amended complaint. **The amended complaint shall be filed and served within twenty (20) days of the date of this order.**

While the Court is permitting Mr. Ramondetta to file an amended complaint,[1] it hereby forewarns him that, even though proceeding pro se, he must comply with the Federal Rules of Civil Procedure or risk being subject to sanctions. In particular, consistent with Federal Rule of Civil Procedure 8(a), the amended complaint shall clearly identify (1) each cause of action that is being asserted and (2) which Defendants are being sued for each cause of action. The amended complaint shall also include a *short and plain* statement describing the underlying facts as to why a defendant is liable for *each* particular cause of action. *See* Fed. R. Civ. P. 8(a) (requiring, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief"). A rambling statement that does not comply with Rule 8 is subject to dismissal.

The Court notes that, based on Mr. Ramondetta's "More Defin[i]te Statement Per Hearing Request" document, it does not appear that Philips Medical Systems (Cleveland), Inc. ("PMS Cleveland"); Philips Medical Financial Services, Inc. ("PMFS"); and Philips Electronics North

---

[1] Under Federal Rule of Civil Procedure 15(a), Mr. Ramondetta actually has the right to amend once as a matter of course before a responsive pleading has been served. *See* Fed. R. Civ. P. 15(a); *see also Doe v. United States*, 58 F.3d 494, 496-97 (9th Cir. 1995) (noting that a motion to dismiss is not a responsive pleading); 3-15 Moore's Fed. Prac. -- Civ. § 15.12[1] (noting that "[t]he Ninth Circuit allows an amendment as of right even after dismissal of the complaint, since the motion to dismiss is not a responsive pleading").

America Corp. ("PENAC") engaged in any wrongdoing. There are no allegations that PMS Cleveland or PMFS engaged in any conduct with respect to Mr. Ramondetta at all. As for PENAC, the fact that it is "affiliated" with Philips Medical Systems North America ("PMS NA"), the company that hired Mr. Ramondetta, does not necessarily mean that it engaged in any wrongdoing itself or can be held liable for acts of PMS NA. As alleged, the wrongdoing was committed by PMS NA, not PENAC.

The amended complaint shall also comply with Federal Rule of Civil Procedure 11. Under that rule, any pleading filed by a pro se litigant must be signed by the litigant, and that signature is a certification to the Court that,

> to the best of [his or her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, --
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by the existing law or by nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentially support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Civ. P. 11(b). A party may be sanctioned for failing to comply with Rule 11. *See* Fed. R. Civ. P. 11(c). Thus, for example, if Mr. Ramondetta includes in his amended complaint, a claim for discrimination based on national origin and/or age,[2] then he needs to allege that he has properly exhausted all applicable administrative remedies prior to filing suit. *See, e.g.*, *Lyons v. England*, 307 F.3d 1092, 1104 (9th Cir. 2002) (noting that "[e]xhaustion of administrative remedies under Title VII requires that the complainant file a timely charge with the EEOC, thereby allowing the agency

---

[2] Mr. Ramondetta should specify whether the discrimination claim is based on federal law or state law.

3

time to investigate the charge"; citing 42 U.S.C. § 2000e-5(b)); Cal. Gov't Code § 12960(d) (providing that a person claiming to be aggrieved by an unlawful employment practice should file a verified complaint with the California Department of Fair Employment and Housing within one year from the date that the unlawful employment practice took place).

Upon receipt of the amended complaint, Defendants shall have thirty (30) days to answer or file a motion to dismiss, whether on the basis of failure to state a claim, for lack of personal jurisdiction,[3] or otherwise.

To the extent Mr. Ramondetta names in his amended complaint a defendant *not* previously identified in his original complaint, then service must be effected consistent with Federal Rule of Civil Procedure 4, and that defendant shall have the opportunity to respond to the complaint, whether by answer or motion, consistent with Federal Rule of Civil Procedure 12.

This order shall not delay any ADR process to which the parties have been referred.

IT IS SO ORDERED.

Dated: November 27, 2007

_____
EDWARD M. CHEN
United States Magistrate Judge

---

[3] For Mr. Ramondetta's benefit, the Court notes that a court can have either general jurisdiction over a defendant or specific jurisdiction. If a court lacks general jurisdiction over a defendant, then there must be specific jurisdiction for *each* claim asserted against the defendant. *See* 5B Wright & Miller, Fed. Prac. & Proc. Civ. 3d § 1351, at n.30 ("[I]f separate claims are pled, specific personal jurisdiction must independently exist for each claim and the existence of personal jurisdiction for one claim will not provide the basis for another claim.").

United States District Court
For the Northern District of California

1
2
3
4
5      UNITED STATES DISTRICT COURT
6      NORTHERN DISTRICT OF CALIFORNIA
7
8  LOU RAMONDETTA,                                No. C-07-3329 EMC
9           Plaintiff,
10      v.
                                                  **CERTIFICATE OF SERVICE**
11  PHILIPS ELECTRONICS LIMITED, *et al.*,
12           Defendant(s).
   _____/
13
14
15      I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern
16  District of California. On the below date, I served a true and correct copy of the attached, by placing
17  said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing
18  said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery
19  receptacle located in the Office of the Clerk.
20
21  Lou Ramondetta                                *ALL OTHER COUNSEL SERVED VIA*
    2335 Stewart Ave.                             *ELECTRONIC FILING*
22  Walnut Creek, CA  94596
23
24  Dated:  November 27, 2007                     RICHARD W. WIEKING, CLERK
25
26                                                By:  _____/s/_____
                                                       Leni Doyle
27                                                     Deputy Clerk
28