UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOU RAMONDETTA,<br><br>       Plaintiff,<br><br>    v.<br><br>PHILIPS ELECTRONICS LIMITED, *et al.*,<br><br>       Defendants.<br>_____/ | No. C-07-3329 EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**<br><br>**(Docket No. 39)** |

Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **DENIES** Mr. Ramondetta's motion to compel.

At issue is a subpoena that Mr. Ramondetta claims to have served on PENAC, PMS Cleveland, Mr. Burns, Mr. Hurwitz, and PEL in state court. The subpoena was issued on April 20, 2007. It is not clear if and when the subpoena was served. Mr. Ramondetta seeks enforcement of the subpoena.

The motion is denied because the Court has no authority to enforce the subpoena. The subpoena was issued pursuant to the authority of the state court, not this Court. *See also Viscorp v. Software Arts, Inc.*, 575 F. Supp. 1528, 1531 (N.D. Cal. 1983) (noting that plaintiff had served document requests, interrogatories, and deposition notices on defendants prior to removal; but stating that, "[w]hether or not such discovery is lodged with the state court, it is not a matter which remains with any force or effect after removal").

Moreover, the Court hereby orders that formal discovery shall not be permitted until further order.

However, in order to facilitate the settlement conference before Judge Zimmerman, the Court directs the parties to engage in an informal exchange of basic information, which shall *not* constitute a waiver of, *e.g.*, any jurisdictional arguments. As discussed with the parties at the hearing on January 10, 2008, Defendants should provide to Mr. Ramondetta his expense reports and documentation of reimbursements or denial of reimbursements, his personnel file (particularly in relation to his termination of employment), and his e-mails to Mr. Rottke, Mr. Burns, and Mr. Hurwitz for the April-July 2004 period, that is, so long as those emails are readily available.[1] Mr. Ramondetta likewise should provide to Defendants any key documents in his possession, custody, or control including documentation of expenses incurred for which he is claiming reimbursement. This information shall be exchanged no later than 3 days before the settlement conference with Judge Zimmerman.

This order disposes of Docket No. 39.

IT IS SO ORDERED.

Dated: January 10, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge

---

[1] If, for example, Mr. Ramondetta's e-mails are only available on back-up tapes, the documents would not be readily available. On the other hand, if the e-mails are available on an existing server or hard drive, then the documents would be readily available.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOU RAMONDETTA,<br><br>        Plaintiff,<br><br>   v.<br><br>PHILIPS ELECTRONICS LIMITED, *et al.*,<br><br>        Defendant(s).<br>_____/ | No. C-07-3329 EMC<br><br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Lou Ramondetta  
2335 Stewart Ave.  
Walnut Creek, CA  94596

*ALL OTHER COUNSEL SERVED VIA ELECTRONIC FILING*

Dated: January 10, 2008                    RICHARD W. WIEKING, CLERK

By: _____/s/_____  
     Leni Doyle  
     Deputy Clerk