1   CECILY A. WATERMAN, State Bar No. 63502
    STEVEN GARRETT, State Bar No. 221021
2   MORGAN, LEWIS & BOCKIUS LLP
    One Market, Spear Street Tower
3   San Francisco, CA 94105
    Tel: 415.442.1000
4   Fax: 415.442.1001
    E-mail: cwaterman@morganlewis.com
5   E-mail: steven.garrett@morganlewis.com

6   Attorneys for Defendants
    PHILIPS ELECTRONICS LTD.,
7   PHILIPS ELECTRONICS NORTH AMERICA
    CORP., PHILIPS MEDICAL SYSTEMS
8   (CLEVELAND), INC., PHILIPS MEDICAL
    FINANCIAL SERVICES, INC., PHILIPS
9   MEDICAL SYSTEMS NORTH AMERICA
    INCORPORATED, IAIN BURNS, STEVE
10  HURWITZ, and STEFAN ROTTKE

11                        UNITED STATES DISTRICT COURT

12                      NORTHERN DISTRICT OF CALIFORNIA

13

14
    LOU RAMONDETTA,                          Case No. C-07-03329
15
                   Plaintiff,                **DEFENDANTS' MEMORANDUM OF**
16                                           **POINTS AND AUTHORITIES IN SUPPORT**
            vs.                              **OF MOTION TO DISMISS PURSUANT TO**
17                                           **FED. RULE CIV. PROC. 12(b)(2) AND**
    PHILIPS ELECTRONICS LIMITED,             **12(b)(6)**
18  PHILIPS ELECTRONICS NORTH
    AMERICA CORPORATION, IAIN
19  BURNS, STEVE HURWITZ, PHILIPS            Date:  February 27, 2008
    MEDICAL SYSTEMS (CLEVELAND),             Time:  10:30 a.m.
20  INC., PHILIPS MEDICAL FINANCIAL          Judge: The Hon. Magistrate Judge Chen
    SERVICES, INC.,
21
                   Defendants.
22

23

24

25

26

27

28
MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO          1-SF/7654747.1                    DEFENDANTS' MOTION TO DISMISS
                                                            CASE NO. C-07-03329

# TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................................................1

II.     FACTS AND PROCEDURAL HISTORY ..........................................................................2

III.    ARGUMENT.........................................................................................................................4

      A.     Plaintiff's Claims Should Be Dismissed Against Defendants
            PEL, Burns, Hurwitz, And Rottke For Lack of Personal Jurisdiction
            Pursuant To FRCP 12(b)(2) ....................................................................................4

      B.     Plaintiff's Claims Should Be Dismissed Against All Defendants
            For Failure To State A Claim Upon Which Relief Can Be Granted
            Pursuant To FRCP 12(b)(6) ....................................................................................8

            1.     Plaintiff's Claim for "Return of Belongings" ..............................................9

            2.     Plaintiff's Claim for "Breach of Contractual Agreement" ........................10

            3.     Plaintiff's Claims for "Inappropriate Termination Causing [Him]
                Personal Injury" and "Medical Disability and Pain and Suffering" ..........11

            4.     Plaintiff's Claims for "Continued Acceptance of Harassment" ................12

            5.     Plaintiff's Claim for "Non Payment of Expenses" .....................................13

IV.     CONCLUSION....................................................................................................................13

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7654747.1                                      i                      DEFENDANTS' MOTION TO DISMISS
                                                                                    CASE NO. C-07-03329

# TABLE OF AUTHORITIES

**Cases**

*Acoustics, Inc. v. Trepte Constr. Co.*
  14 Cal.App.3d 887 (1971) ................................................................................10

*Associated Gen. Contractors of Calif., Inc. v. California State Council of Carpenters, Inc.*
  459 U.S. 519 (1983).........................................................................................9

*Aulson v. Blanchard*
  83 F.3d 1 (1st Cir. 1996)...................................................................................9

*Balistreri v. Pacifica Police Dept.*
  901 F.2d 696 (9th Cir. 1990) ............................................................................8

*Branch v. Tunnell*
  14 F.3d 449 (9th Cir. 1994) ......................................................................10, 11

*Bryant v. Avado Brands, Inc.*
  187 F.3d 1271 (11th Cir. 1999) .......................................................................10

*Burger King Corp. v. Rudzewicz*
  471 U.S. 462 (1985).........................................................................................7

*Calder v. Jones*
  465 U.S. 783 (1984).........................................................................................5

*Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund*
  24 Cal.4th 800 (2001)......................................................................................12

*Core-Vent Corp. v. Nobel Indus. AB*
  11 F.3d 1482 (9th Cir. 1993) ............................................................................8

*Credit Lyonnais Securities (USA), Inc. v. Alcantara*
  183 F.3d 151 (2nd Cir. 1999) ...........................................................................5

*Doe v. American Nat'l Red Cross*
  112 F. 3d 1048 (9th Cir. 1997) .........................................................................7

*Doe v. Unocal Corp.*
  248 F. 3d 915 (9th Cir. 2001) ...........................................................................5

*Durning v. First Boston Corp.*
  815 F.2d 1265 (9th Cir. 1987) .........................................................................11

*Galbraith v. County of Santa Clara*
  307 F.3d 1119 (9th Cir. 2002) .........................................................................10

*Hartford Fin. Corp. v. Burns*
  96 Cal.App.3d 591 (1979) ...............................................................................10

*Helicopteros Nacionales de Colombia, S.A. v. Hall*
  466 U.S. 408 (1984).........................................................................................7

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF/7654747.1                          ii                DEFENDANTS' MOTION TO DISMISS
                                                        CASE NO. C-07-03329.

*Hunt v. Erie Insurance Group*
  728 F. 2d 1244 (9th Cir. 1984) ...........................................................................5

*In re Delorean Motor Co.*
  991 F.2d 1236 (6th Cir. 1993) ..........................................................................8

*Int'l Shoe v. Washington*
  326 U.S. 310 (1945).............................................................................................4

*Jablon v. Dean Witter & Co.*
  614 F.2d 677 (9th Cir. 1980) ...........................................................................12

*JM. Sahlein Music Co., Inc. v. Nippon Gakki Co. Ltd.*
  197 Cal. App. 3d 539 (1987) .............................................................................5

*Keeton v. Hustler Magazine*
  465 U.S. 770 (1984).............................................................................................5

*Kendall v. Overseas Development Corp.*
  700 F. 2d 536 (1983) ..........................................................................................4

*Lake v. Lake*
  817 F.2d 1416 (9th Cir.). ....................................................................................6

*Lyons v. England*
  307 F.3d 1092 (9th Cir. 2002) .........................................................................13

*Nishmatsu Const. Co., Ltd. v. Houston Nat'l Bank*
  515 F.2d 1200 (5th Cir. 1975) .........................................................................11

*Rio Properties, Inc. v. Rio Int'l Interlink*
  284 F.3d 1007 (9th Cir. 2002) ...........................................................................5

*Shoemaker v. Myers*
  52 Cal.3d 1 (1990) ............................................................................................12

*Transphase Systems, Inc. v. Southern Calif. Edison Co.*
  839 F.Supp. 711 (CD CA 1993) .......................................................................8

*Wyatt v. Terhune*
  315 F.3d 1108 (9th Cir. 2003) .........................................................................13

**Statutes**

42 U.S.C. § 2000e-5(b) ..........................................................................................13

Cal. Civ. Proc. § 335.1 ...........................................................................................12

Cal. Gov't Code § 12960(d) ....................................................................................13

Cal. Lab. Code § 3602(a) ........................................................................................12

Cal. Lab. Code § 5300 .............................................................................................12

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF/7654747.1

iii

DEFENDANTS' MOTION TO DISMISS
CASE NO. C-07-03329.

California Workers' Compensation Act
Cal. Labor Code § 3200 *et seq*.................................................................................................12

**Rules**

Fed. Rule Civ. Proc 8.................................................................................................................1, 9

Fed. Rule Civ. Proc. 8(a) ......................................................................................................4, 9, 10

Fed. Rule Civ. Proc 11.............................................................................................................1, 4, 9

Fed. Rule Civ. Proc. 12(b)(2) ...............................................................................................1, 2, 3, 4

Fed. Rule Civ. Proc. 12(b)(5) ..........................................................................................................2

Fed. Rule Civ. Proc. 12(b)(6) ...................................................................................................passim

Fed. Rule Civ. Proc. 12(e) .............................................................................................................3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF/7654747.1

iv

## I.    INTRODUCTION

Plaintiff Lou Ramondetta ("Plaintiff") has brought several indecipherable causes of action against the wrong persons and entities, and has brought them not only in the wrong court, but the wrong country. Plaintiff was employed in Ontario, Canada by a Canadian corporation, Defendant Philips Electronics Ltd. Plaintiff was terminated for cause by that corporation based upon Plaintiff's misconduct for falsifying expense reports while working in Canada.

Plaintiff's previous complaint alleged claims in an American court against Defendants Philips Electronics Ltd. ("PEL"), Philips Electronics North America Corporation ("PENAC"), Philips Medical Systems (Cleveland), Inc., Philips Medical Financial Services, Inc., Iain Burns, and Steve Hurwitz. That complaint failed to allege any facts to support the Court's jurisdiction. On July 2, 2007, Defendants moved to dismiss Plaintiff's claims for lack of personal jurisdiction and failure to state a claim on which relief can be granted. The Court deferred ruling on Defendants' motion to give Plaintiff an opportunity to file a supplemental declaration to address the issue of personal jurisdiction over Defendants. Plaintiff never filed a supplemental declaration sworn under the penalty of perjury as ordered by the Court, but rather filed a "More Definate [*sic*] Statement Per Hearing Request" containing an unintelligible rambling statement of his claims. Noting Plaintiff's non-compliance with its previous order, the Court gave Plaintiff one last chance following its November 27, 2007 order to file an amended complaint that complied with Rules 8 and 11 of the Federal Rules of Civil Procedure ("FRCP").

On December 15, 2007, Plaintiff filed an amended complaint that alleged an array of new "claims" and added Stefan Rottke and Philips Medical Systems North America Incorporated ("PMSNAI") as new Defendants. Similar to Plaintiff's previous filings, the amended complaint is non-compliant with the FRCP and the Court's November 27, 2007 order. Accordingly, Defendants PEL, PENAC, Philips Medical Systems (Cleveland), Inc., Philips Medical Financial Services, Inc., PMSNAI, Iain Burns, Steve Hurwitz, and Stefan Rottke (collectively, "Defendants") resubmit their request that Plaintiff's claims be dismissed based upon Plaintiff's failure to state a claim on which relief can be granted and for lack of personal jurisdiction.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7654747.1                1

DEFENDANTS' MOTION TO DISMISS
CASE NO. C-07-03329

1    **II.    FACTS AND PROCEDURAL HISTORY**

2    Plaintiff Lou Ramondetta is a former employee of Defendant PEL, a Canadian corporation

3    located in Ontario, Canada. Declaration of Iain Burns filed in Support of Defendants' Motion to

4    Dismiss filed July 2, 2007 ("Burns Decl.") ¶ 4.[1] Due to intentional misconduct, (falsification of

5    expense reports to PEL), Plaintiff was terminated for cause on or about July 22, 2004. Individual

6    Defendants Iain Burns and Steve Hurwitz are employees of PEL, and Mr. Burns is one of

7    Plaintiff's former managers. *See* Burns Decl. ¶¶ 3, 7; Declaration of Steve Hurwitz filed in

8    Support of Defendants' Motion to Dismiss filed July 2, 2007 ("Hurwitz Decl.") ¶ 3. Both are

9    citizens and residents of Canada. Burns Decl. ¶ 2; Hurwitz Decl. ¶ 2. At the time of Plaintiff's

10   employment with PEL, Individual Defendant Stefan Rottke was also an employee of PEL from

11   approximately September 2001 through August 2004. Declaration of Stefan Rottke, filed

12   herewith, ("Rottke Decl.") ¶ 2. Mr. Rottke was a resident of Ontario Canada and worked in

13   Markham, Ontario Canada. *Id.* In September 2004, Mr. Rottke moved to Bothell, Washington

14   and started his employment with PENAC. Rottke Decl. ¶ 3.

15   Defendant PENAC is an American corporation, incorporated in Delaware and based in

16   New York. Defendant Philips Medical Systems (Cleveland), Inc. is a New York corporation with

17   its principal place of business in Ohio, and Defendants Philips Medical Financial Services, Inc.

18   and PMSNAI are not corporate entities but rather business units of PENAC.

19   Plaintiff instituted this civil action in the Superior Court of the State of California for the

20   County of Contra Costa on or about April 25, 2007, with the assigned case number C0700818.

21   The Summons and Complaint were served upon Defendants PEL and Iain Burns on or about May

22   24, 2007, and upon Defendant Steve Hurwitz on or about May 25, 2007. Defendants PENAC,

23   Philips Medical Systems (Cleveland), Inc., and Philips Medical Financial Services, Inc. were

24   served with the Summons and Complaint on or about June 7, 2007. Defendants removed the

25   instant lawsuit to this Court; Plaintiff served Defendant Stefan Rottke with the Amended

---

26   [1] For the Court's convenience, Defendants have reattached the previously submitted Declarations of Iain Burns and
     Steve Hurwitz that were filed on July 2, 2007 in Support of Defendants' Motion to Dismiss Pursuant to Fed. Rule

27   Civ. Proc. 12(b)(2), 12(b)(5), 12(b)(6) and Motion for Definite Statement; and the Declaration of Rick Metcalfe filed
     on November 16, 2007 as part of Defendants' Supplemental Reply in Support of Defendants' Motion to Dismiss

28   Pursuant to Fed. Rule Civ. Proc. 12(b)(2), 12(b)(5), 12(b)(6) and Motion for Definite Statement.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF/7654747.1                                   2                    DEFENDANTS' MOTION TO DISMISS
                                                                   CASE NO. C-07-03329.

1    Complaint on or about December 21, 2007.

2        On July 2, 2007, Defendants filed a motion to dismiss pursuant to FRCP 12(b)(2) and

3    12(b)(6), or in the alternative requested that Plaintiff file a more definite statement as to all

4    Defendants pursuant to FRCP 12(e). On August 3, 2007, Plaintiff filed a "Response to

5    Defendants' Motion to Dismiss" and declaration that failed to dispute Defendants' claims that

6    they do not have minimum contacts with California. Despite filing these additional papers,

7    Plaintiff's claims remain so unclear that Defendants could not ascertain the nature of the claims

8    being asserted or the basis for Plaintiff's claim that the Court had personal jurisdiction over

9    Defendants. At the September 12, 2007 hearing, the Court deferred ruling on Defendants' motion

10   in order to allow Plaintiff to file a supplemental declaration to address the issue of personal

11   jurisdiction over Defendants.

12       On October 28, 2007, rather than complying with the Court's order, Plaintiff instead filed

13   a "More Definate [*sic*] Statement Per Hearing Request" in response to the Court's September 12,

14   2007 order. Plaintiff's filing was not a sworn declaration signed under penalty of perjury. In

15   response, Defendants' filed a Supplemental Reply in Support of their Motion to Dismiss and

16   Motion for More Definite Statement objecting to Plaintiff's More Definate [*sic*] Statement filing.

17   Defendants noted that the Court's September 12, 2007 order allowed Plaintiff to submit a

18   declaration as to the issue of personal jurisdiction *only*. In addition, Defendants objected that

19   Plaintiff's statement asserted additional allegations not previously raised against Defendants and

20   expressed conclusory allegations not based on Plaintiff's personal knowledge. Defendants also

21   submitted a Declaration by Rick Metcalfe to show PEL's lack of contact with California. *See*

22   Declaration of Rick Metcalfe filed on November 16, 2007 in Support of Motion to Dismiss

23   ("Metcalfe Decl.").

24       On November 27, 2007, the Court noted Plaintiff's non-compliance with its previous

25   orders, stating that because of "… Mr. Ramondetta's failure to comply with the Court's previous

26   order and the breadth of the new allegations in his 'More Defin[i]te Statement Per Hearing

27   Request' document, the Court finds that the best way to proceed is for Mr. Ramondetta to file an

28   amended complaint." *See* Court's "Order Re First Amended Complaint" issued November 27,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF/7654747.1                                    3              DEFENDANTS' MOTION TO DISMISS
                                                              CASE NO. C-07-03329.

1   2007 at 2:8-11. Although the Court permitted Plaintiff to file an amended complaint, the Court

2   warned that he must comply with the FRCP or risk being subject to sanctions, including dismissal

3   of his complaint. *See id.* at 2:13-15. The Court also reminded Plaintiff that the amended

4   complaint must comply with FRCP 8(a) and specifically, that a rambling statement devoid of a

5   short and plain statement describing the underlying facts as to why a Defendant is liable for *each*

6   *particular* cause of action would be subject to dismissal. *See id.* at 2:13-21. Plaintiff's recently

7   filed amended complaint still fails to satisfy the minimum FRCP pleading requirements as

8   outlined by the Court in its previous orders.

9   **III.    ARGUMENT**

10  Plaintiff's claims should be dismissed against all Defendants based upon failure to state a

11  claim on which relief can be granted, pursuant to FRCP 12(b)(6), and against Defendants PEL,

12  Burns, Hurwitz, and Rottke for lack of personal jurisdiction, pursuant to FRCP 12(b)(2). Plaintiff

13  has had multiple opportunities to provide a concise statement of his claims against Defendants

14  and to set forth a basis for jurisdiction. Plaintiff's amended complaint is not compliant with

15  FRCP 8 and FRCP 11 because it neither provides a clear indication of each cause of action being

16  asserted by Plaintiff nor describes with any particularity why each Defendant is liable for each

17  cause of action. Further, there are no facts to support jurisdiction as to PEL, Burns, Hurwitz, and

18  Rottke.

19  **A.    Plaintiff's Claims Should Be Dismissed Against Defendants PEL, Burns,**
       **Hurwitz, and Rottke For Lack of Personal Jurisdiction Pursuant to FRCP**
20     **12(b)(2).**

21  Due process requires that for this Court to maintain personal jurisdiction over the

22  Defendants, Defendants must have certain "minimum contacts" with the state of California so

23  that it is fair and just to continue the case here. *Int'l Shoe v. Washington*, 326 U.S. 310, 316

24  (1945). Whether the district court has personal jurisdiction over a defendant is determined by the

25  law of the forum state. *Kendall v. Overseas Development Corp.*, 700 F. 2d 536, 538 (1983). The

26  applicable long-arm statute is § 410.10 of the California Code of Civil Procedure, which permits

27  California courts to exercise jurisdiction on any basis consistent with the Constitution of this state

28  or of the United States. The language has been interpreted to confer jurisdiction which is

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF/7654747.1                              4              DEFENDANTS' MOTION TO DISMISS
                                                        CASE NO. C-07-03329.

1  coextensive with that permitted by United States Supreme Court decisions defining the limits of

2  federal due process. *See Hunt v. Erie Insurance Group*, 728 F. 2d 1244, 1246 (9th Cir. 1984).

3      Each Defendant's "contacts" with the forum state must be assessed individually because

4  the mere fact that a corporation is subject to local jurisdiction does not necessarily mean its

5  nonresident officers, directors, agents and employees are suable locally as well. *Calder v. Jones*,

6  465 U.S. 783, 790 (1984). In addition, the contacts of each entity must be considered separately.

7      A corporation's contacts with the forum (*e.g.* PENAC) does not confer jurisdiction over

8  its corporate affiliates (*e.g.* PEL). *See Keeton v. Hustler Magazine*, 465 U.S. 770, 781 (1984); *see*

9  *also Doe v. Unocal Corp.*, 248 F. 3d 915, 925-31 (9th Cir. 2001) (minimum contacts with a

10  subsidiary does provide not jurisdiction over a parent); *JM. Sahlein Music Co., Inc. v. Nippon*

11  *Gakki Co. Ltd.*, 197 Cal. App. 3d 539, 544 (1987). Plaintiff bears the ultimate burden of proof on

12  necessary jurisdictional facts. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th

13  Cir. 2002). When a plaintiff's jurisdictional theory is challenged, the Court need only determine

14  whether the facts alleged, if true, are sufficient to establish jurisdiction. *Credit Lyonnais*

15  *Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 153 (2nd Cir. 1999). In this case, Plaintiff has

16  neither asserted proper jurisdiction over the Defendants nor provided any declaration to oppose

17  Defendants' uncontroverted statements and declarations.

18      Minimum contacts with California cannot be demonstrated against Defendants PEL, Iain

19  Burns, Steve Hurwitz, and Stefan Rottke. PEL is a Canadian corporation that does not do

20  business in California. Burns Decl. ¶ 4. PEL does not sell to, or generate revenue, from

21  California customers or any American customers. Metcalfe Decl. ¶¶ 4, 5. Mr. Burns and Mr.

22  Hurwitz are Canadian citizens and residents who do not work or conduct business in California.

23  Burns Decl. ¶¶ 2, 5; Hurwitz Decl. ¶ 2, 4. Mr. Burns has not been to California in the past five

24  years. Burns Decl. ¶ 6. Mr. Hurwitz has been to California only one time in the past five years,

25  for personal vacation. Hurwitz Decl. ¶¶ 5, 6. Their communications and interactions with

26  Plaintiff during his employment with PEL occurred primarily in Canada, and did not occur in

27  California. Burns Decl. ¶ 8; Hurwitz Decl. ¶ 7. Mr. Rottke is a German citizen who was a PEL

28  employee from approximately September 2001 through August 2004. Rottke Decl. ¶ 2, filed

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    herewith. During that time, he was a resident of Ontario, Canada and worked in the PEL office in

2    Markham, Ontario, Canada. Rottke Decl. ¶ 2. Mr. Rottke never visited California while working

3    for PEL. Rottke Decl. ¶ 2. In September 2004, Mr. Rottke moved to Bothell, Washington and

4    started his employment with PENAC. Rottke Decl. ¶ 3. In addition, as previously noted by the

5    Court, Philips Medical Systems (Cleveland), Inc.; Philips Medical Financial Services, Inc.; and

6    PENAC do not appear to have any contacts with Plaintiff nor have they engaged in any alleged

7    wrongdoing. *See* Court's Order at 2:22 – 3:1.

8         In his amended complaint, Plaintiff focuses on Defendants' alleged contacts with a Philips

9    facility in Milpitas, California. The alleged contacts, however, were made by individuals other

10   than the named individual Defendants. Not only has Plaintiff failed to place Burns, Hurwitz or

11   Rottke in California during the relevant time period, but Plaintiff fails to plead any facts in his

12   amended complaint or provide declarations that show they had any contacts with California or its

13   residents. Rather, Plaintiff offers a rambling statement recounting random incidental contacts that

14   Defendants may have had with California that are certainly unrelated to any claims asserted in his

15   amended complaint.

16        Plaintiff has failed to plead sufficient facts to show that Defendants PEL, Burns, Hurwitz,

17   and Rottke had sufficient contacts with California to exercise general or specific jurisdiction over

18   them. Certainly, none of these Defendants has had "substantial, continuous and systematic"

19   contacts with California to support a finding of general jurisdiction. *See Lake v. Lake*, 817 F.2d

20   1416, 1420 (9th Cir.). Plaintiff's amended complaint does not allege facts to oppose the

21   Declarations of Iain Burns, Steve Hurwitz, and Stefan Rottke regarding their activities.

22   Defendants' declarations and assertions that they have had no or *de minimis* contacts with

23   California are unopposed by Plaintiff and they make clear that they should not be subject to suit

24   in California.

25        Plaintiff asserts that some PEL employees' took trips to California for training and to

26   accompany Canadian customers to the Philips facility in Milpitas, California. These types of

27   contacts are insufficient to find general or specific jurisdiction over PEL or the individual

28   Defendants. The United States Supreme Court in *Helicopteros Nacionales de Colombia, S.A. v.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF/7654747.1                                    6                    DEFENDANTS' MOTION TO DISMISS
                                                                    CASE NO. C-07-03329.

1   *Hall*, 466 U.S. 408, 411-412 (1984) held that purchasing goods and services in a forum state,

2   even at regular intervals, is not enough by itself to subject a nonresident to general jurisdiction.

3   In *Helicopteros*, a Colombian corporation negotiated and purchased helicopters from a Texas

4   manufacturer, and sent its personnel to Texas for training. These "contacts" were not sufficiently

5   "continuous and systematic" to subject the Colombian corporation to general jurisdiction in

6   Texas. *See id.* Defendants here have had far less contact with California than the foreign

7   corporation in the *Helicopteros* case had with Texas. In contrast to the *Helicopteros* case where

8   the company purchased goods in Texas, Defendants here did not make any "external" purchases

9   or contacts in California. At no point did the PEL employees ever have contact with any

10  California customers, vendors, or suppliers during their visits. Metcalfe Decl. ¶ 6. Rather, the

11  purpose of the trips by PEL employees was to conduct meetings with internal Philips colleagues

12  for internal training purposes. Metcalfe Decl. ¶ 7. Even though the Canadian customers visits to

13  the Milpitas facility are irrelevant to the jurisdictional analysis, those customers came to

14  California only to learn more about PEL's Nuclear Medicine devices, not conduct business in

15  California. Metcalfe Decl. ¶ 6.

16      The Ninth Circuit uses a three-part test for exercising specific jurisdiction over

17  nonresidents: (1) defendant must do some act or consummate some transaction amounting to

18  purposeful availment of the privilege of conducting activities in the forum state; (2) the claim

19  must arise out of or result from defendant's forum related activities; and (3) exercise of

20  jurisdiction must be reasonable. *Doe v. American Nat'l Red Cross*, 112 F. 3d 1048, 1051 (9th

21  Cir. 1997); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477-478 (1985). As

22  previously discussed, the declarations show that the individual Defendants and PEL have not

23  "purposely availed" themselves of conducting activities in California. They had no contact, or

24  incidental contact, with California sufficient to exercise personal jurisdiction over them.

25  Moreover, Plaintiff's amended complaint is devoid of any allegations that these Defendants'

26  alleged incidental activities in California are related to the claims alleged in the amended

27  complaint.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF/7654747.1

7

DEFENDANTS' MOTION TO DISMISS
CASE NO. C-07-03329.

1        Finally, the Court must consider whether the balance of competing interests make it fair

2 and reasonable to subject any Defendant to jurisdiction within the state. Seven factors have been

3 identified: (1) the extent of purposeful interjection; (2) the burden on defendant to defend the suit

4 in the chosen forum; (3) the extent of conflict with the sovereignty of the defendant's state;

5 (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution

6 of the dispute; (6) the importance of the chosen forum to the plaintiff's interest in convenient and

7 effective relief; and, (7) the existence of an alternative forum. See *Core-Vent Corp. v. Nobel*

8 *Indus. AB*, 11 F.3d 1482, 1487-88 (9th Cir. 1993). It is neither fair nor reasonable for a California

9 Court to force foreign entities and foreign nationals to defend indecipherable causes of action

10 against them, brought not only to the wrong court, but the wrong country. Plaintiff was employed

11 in Ontario, Canada by a Canadian corporation, Defendant Philips Electronics Ltd. All of

12 Plaintiff's claims flow from his termination for cause while working in Canada. Plaintiff has

13 failed to assert, and is unable to establish personal jurisdiction over these defendants.

14        **B.**    **Plaintiff's Claims Should Be Dismissed Against All Defendants For Failure**
                  **To State A Claim Upon Which Relief Can Be Granted Pursuant to FRCP**

15                   **12(b)(6).**

16        Even if the Court finds personal jurisdiction exists over each Defendant, Plaintiff's claims

17 should be dismissed because his amended complaint does not plead sufficient facts to support any

18 of his "claims." FRCP 12(b)(6) provides that a cause of action may be dismissed for "failure to

19 state a claim upon which relief can be granted." Dismissal is proper where there is either a lack

20 of a cognizable legal theory or an absence of sufficient facts alleged under a cognizable legal

21 theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Despite several

22 bites at the apple, Plaintiff's amended complaint is wrought with speculation and confusing

23 allegations that fail to put each Defendant on notice of the precise nature of Plaintiff's claims

24 against it. The Court must neither accept as true conclusionary allegations or legal

25 characterizations nor accept unreasonable inferences or unwarranted deductions of fact. *In re*

26 *Delorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993); *Transphase Systems, Inc. v. Southern*

27 *Calif. Edison Co.*, 839 F.Supp. 711, 718 (CD CA 1993). Moreover, the Court need not assume

28 that plaintiff can prove facts different from those it has alleged. *Associated Gen. Contractors of*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
SF/7654747.1        8        DEFENDANTS' MOTION TO DISMISS
CASE NO. C-07-03329.

1  *Calif., Inc. v. California State Council of Carpenters, Inc.*, 459 U.S. 519, 526 (1983). As one

2  Court has put it, courts need not "swallow the plaintiff's invective hook, line, and sinker; bald

3  assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be

4  credited." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996). Plaintiff's vague and ambiguous

5  allegations in his amended complaint fail to meet the basic FRCP pleading requirements and

6  violated the Court's November 27, 2007 order warning Plaintiff to comply with minimum

7  pleading requirements.

8       In particular, consistent with Federal Rule of Civil Procedure 8(a), the amended
       complaint shall clearly identify (1) each cause of action that is being asserted and
9       (2) which Defendants are being sued for each cause of action. The amended
       complaint shall also include a short and plain statement describing the underlying
10      facts as to why a defendant is liable for each particular cause of action. See Fed.
       R. Civ. P. 8(a) (requiring, inter alia, "a short and plain statement of the claim
11      showing that the pleader is entitled to relief"). A rambling statement that does not
       comply with Rule 8 is subject to dismissal.
12

13  *See* Court's Order at 2:15-21. The Court also required Plaintiff to comply with FRCP 11. *See id.*

14  at 3:7-22. As discussed in more detail below, Plaintiff's amended complaint offers Defendants

15  little notice or guidance as to Plaintiff's claims against Defendants. As previously noted by the

16  Court in its November 27, 2007 order, it does not appear that Philips Medical Systems

17  (Cleveland), Inc.; Philips Medical Financial Services, Inc.; or PENAC engaged in any

18  wrongdoing. *See* Court's Order at 2:22 – 3:1. Rather, Plaintiff utilizes a shotgun approach,

19  claiming every Defendant is liable for virtually every claim he makes in his amended complaint.

20  Further, he also raises new claims and adds additional corporate (PMSNAI) and individual

21  (Rottke) Defendants to his complaint without explanation.

22       **1.   Plaintiff's Claim for "Return of Belongs"**

23  Plaintiff alleges a claim for "Return of Belongs" [*sic*] seeking the return of various personal

24  belongings. *See* Amended Complaint p. 4 at ¶¶ 30-33. Plaintiff's vague and conclusory

25  allegations simply state the belongings are in the "defendant's possession" and that they must

26  have been "… removed by Mr. Hurwitz's staff under the direction of Mr. Burns." *See id.* p. 4 at ¶

27  32. Assuming Plaintiff is pleading a conversion cause of action, Plaintiff fails to identify which

28  Defendant has the belongings and fails to provide a short and plain statement of how each

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF/7654747.1

9

DEFENDANTS' MOTION TO DISMISS
CASE NO. C-07-03329.

1  Defendant is liable as required by FRCP 8(a). Plaintiff does not articulate sufficient facts with

2  adequate specificity to maintain a conversion cause of action, which requires: (1) plaintiff's

3  ownership or right to possession of the property at the time of the conversion, (2) a defendant's

4  conversion by wrongful act or disposition of the plaintiff's property rights, and (3) damages.

5  *Hartford Fin. Corp. v. Burns*, 96 Cal.App.3d 591, 598 (1979). None of the requisite elements of

6  the claim have been pled and the claim should be dismissed.

7  <center>**2. Plaintiff's Claim for "Breach of Contractual Agreement"**</center>

8  Plaintiff alleges "breach of contract" by Defendants but has not alleged specific facts to

9  support such a claim. Rather, Plaintiff offers little explanation for his claim other than

10  Defendants did not "… meet all contractual agreements in my offer letter …." *See* Amended

11  Complaint p. 4 at ¶¶ 34-37. He claims all Defendants are "liable parties" without explaining how

12  each party is liable for breaching the contract. *See id.* at p. 4 at ¶ 37.

13  Plaintiff's amended complaint fails to satisfy even the basic prerequisites for establishing

14  a breach of contract claim. To establish a claim for breach of contract under California law,

15  Plaintiff must show: (1) the existence of a contract; (2) plaintiff's performance or excuse for

16  nonperformance; (3) that all conditions required for defendant's performance occurred;

17  (4) defendant's breach; and (5) plaintiff's damages were proximately caused by defendant's

18  breach. *Acoustics, Inc. v. Trepte Constr. Co.*, 14 Cal.App.3d 887, 913 (1971). He has failed to

19  provide sufficient detail about the provisions of the contract between himself and any of the

20  Defendants, allege his own performance under the contract, allege how any of the Defendants

21  breached a contract, or allege specifically how damages resulted from a breach.

22  Plaintiff apparently bases his breach of contract claim on his "Offer Letter with

23  PMSNAI." *See* Amended Complaint p. 4 at ¶ 35. Although Plaintiff does not provide a copy of

24  the letter, Defendants may attach it to this memorandum to demonstrate that it does not support

25  Plaintiff's breach of contract claim. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)

26  (overruled on other grounds in *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir.

27  2002); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1281, fn. 16 (11th Cir. 1999). The Court

28  may disregard allegations in the complaint if contradicted by facts established by reference to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF/7654747.1

10

DEFENDANTS' MOTION TO DISMISS
CASE NO. C-07-03329.

1   documents attached as exhibits to the complaint or presented by Defendants. *See Nishmatsu*

2   *Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see Durning v. First*

3   *Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The "Offer Letter with PSNA" attached to

4   this 12(b)(6) motion as Exhibit A may be considered by the Court if: (1) the complaint refers to

5   such document; (2) the document is "central" to plaintiff's claim; and (3) no party questions the

6   authenticity of the copy attached to the 12(b)(6) motion. *Branch*, 14 F.3d at 454. Plaintiff's

7   amended complaint explicitly refers to the letter which appears to be central to Plaintiff's "breach

8   of contract" claim. The letter clearly shows that Plaintiff is an employee of only PEL and not an

9   employee of any of the other Defendants. *See* Ex. A. Not only does Plaintiff fail to plead

10  sufficient facts to maintain a "breach of contract" claim, but the letter demonstrates that Plaintiff

11  was an employee of PEL.

12
            **3.    Plaintiff's Claims for "Inappropriate Termination Causing [Him]
13                   Personal Injury" and "Medical Disability and Pain and Suffering"**

14          It is unclear from Plaintiff's amended complaint whether the section entitled

15  "Inappropriate Termination Causing [Him] Personal Injury" and "Medical Disability and Pain

16  and Suffering" is asserting that his "injury" is an item of damage or whether he is asserting

17  claims. *See* Amended Complaint p. 4 at ¶ 38-41, p. 5 at ¶¶ 46-49. Although it is unclear from the

18  amended complaint what injuries and conduct Plaintiff is complaining about, he appears to

19  suggest that he has become disabled and depressed. *See* p. 4 at ¶ 39. Plaintiff's dubious

20  allegations fail to explain with any particularity how each Defendant is liable for causing his

21  personal injuries or whether he is even making a personal injury claim.

22          With respect to the discussion below, Defendants deny and do not concede that Plaintiff

23  was a California employee. As previously discussed, Plaintiff Lou Ramondetta is a former

24  employee of Defendant PEL, a Canadian corporation located in Ontario, Canada. Burns Decl. ¶ 4

25  Moreover, to the extent Plaintiff seeks to plead a personal injury that caused him damage, e.g., a

26  claimed disability, that claim, like all of his other claims, belongs in a Canadian court rather than

27  an American court.

28          If, *arguendo*, Plaintiff had been a California employee, which he was not, his personal

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF/7654747.1                            11            DEFENDANTS' MOTION TO DISMISS
                                                     CASE NO. C-07-03329.

1   injury claims should be dismissed because Plaintiff's only remedy would be under California's

2   Workers' Compensation System because Plaintiff is claiming "personal injury" as a result of his

3   employment. The California Workers' Compensation Act (Cal. Labor Code § 3200 *et seq.*)

4   provides a comprehensive system of remedies that are the "sole and exclusive remedy for such

5   injuries, whether physical or mental, and are available only in proceeding before the Workers'

6   Compensation Appeals Board. *See* Cal. Lab. Code §§ 3602(a), 5300; *Shoemaker v. Myers*, 52

7   Cal.3d 1, 18 (1990) (Workers' compensation is the only remedy to injured employees for injuries

8   "arising out of and in the course of employment."). Thus, Plaintiff's claims of "disability and

9   depression" caused by Defendants' actions involving his suspension and termination are deemed

10  "part of the normal risk of employment" and hence subject to the exclusive remedy provisions of

11  the workers' compensation law. *See Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund*, 24

12  Cal.4th 800, 814-815 (2001).

13      Even if these claims were not preempted by Workers' Compensation, Plaintiff's personal

14  injury claims are barred by a two year statute of limitations. Cal. Civ. Proc. § 335.1. Although

15  Plaintiff was terminated on July 22, 2004, plaintiff did not raise his personal injury claims until

16  nearly three years after his termination. Where the facts and dates alleged in the complaint

17  indicate the claim is barred by the statute of limitations, a motion to dismiss for failure to state a

18  claim lies. The complaint fails to state a claim because the action is time-barred. *Jablon v. Dean*

19  *Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

20      **4.    Plaintiff's Claims for "Continued Acceptance of Harassment"**

21      Plaintiff further alleges in his complaint a cause of action for "continued acceptance of

22  harassment." *See* Amended Complaint p. 5 at ¶ 42. Although unclear what causes of action

23  Defendant is alleging, it appears Plaintiff may be alleging a cause of action for harassment and

24  discrimination based on his national origin (*i.e.* United States citizen). *See* Amended Complaint

25  p. 5 at ¶ 43. Plaintiff again fails to articulate the basis for these claims, including complying with

26  FRCP 8.

27      Although the Court warned Plaintiff in its previous order, Plaintiff again failed to plead

28  that he has properly exhausted any, much less all, applicable administrative remedies prior to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF/7654747.1                            12                    DEFENDANTS' MOTION TO DISMISS
                                                             CASE NO. C-07-03329.

1    filing suit. *See, e.g., Lyons v. England*, 307 F.3d 1092, 1104 (9th Cir. 2002) (noting that

2    "[e]xhaustion of administrative remedies under Title VII requires that complainant file a timely

3    charge with the EEOC, thereby allowing the agency time to investigate the charge" and citing 42

4    U.S.C. § 2000e-5(b)); Cal. Gov't Code § 12960(d) (providing that a person claiming to be

5    aggrieved by an unlawful employment practice should file a verified complaint with the

6    California Department of Fair Employment and Housing within one year from the date that the

7    unlawful employment practice took place). A failure to exhaust administrative remedies is

8    treated as a matter in abatement which is subject to an unenumerated Rule 12(b) motion to

9    dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003). These vague causes of action

10   should be dismissed because Plaintiff has not exhausted his administrative remedies with the

11   Equal Employment Opportunity Commission or the California Department of Fair Employment

12   and Housing.

13              **5.      Plaintiff's Claim for "Non Payment of Expenses"**

14              Plaintiff also alleges that *all* Defendants are liable for nonpayment of his business

15   expenses. *See* Amended Complaint p. 6 at ¶¶ 50-53. Plaintiff, however, fails to comply with

16   FRCP 8 by not providing sufficient detail for Defendants to decipher Plaintiff's claims.

17   **IV.     CONCLUSION**

18              Defendants respectfully request that the Court grant their Motion to Dismiss and that

19   Plaintiff's amended complaint be dismissed with prejudice.

20

21   Dated: January 22, 2008                    MORGAN, LEWIS & BOCKIUS LLP

22                                              By _____

23                                              STEVEN GARRETT
                                                Attorneys for Defendants
24                                              PHILIPS ELECTRONICS LTD.,
                                                PHILIPS ELECTRONICS NORTH AMERICA
25                                              CORP., PHILIPS MEDICAL SYSTEMS
                                                (CLEVELAND), INC., PHILIPS MEDICAL
26                                              FINANCIAL SERVICES, INC., PHILIPS
                                                MEDICAL SYSTEMS NORTH AMERICA
27                                              INCORPORATED, IAIN BURNS, STEVE
                                                HURWITZ, and STEFAN ROTTKE
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# EXHIBIT A

 

## Philips Medical Systems

December 16, 2002

Lou Ramondetta
2335 Stewart Avenue
Walnut Creek, CA 94596

Dear Lou:

On behalf of Randy Rountree, Senior Vice President of Sales, I am pleased to confirm our offer to join Philips Medical Systems as a Vice President of Sales, Canada, which offer is in accordance with the terms and conditions set out below. We believe you will be a valuable addition to our company and will make an important contribution to the achievement of our goals. We look forward to a start date within 5 days of receiving your Canadian work permit.

Your starting salary will be $273,770.00 (Canadian dollars), gross, less statutory deductions, per annum, payable semi-monthly. (The Company will pay $175,000 in Canadian equivalent.) With an anticipated change to our Payroll system, we expect this will change to bi-weekly effective January 1, 2003. There will be a salary/performance review in accordance with Company policies and procedures effective April 1, 2004.

In addition to your annual salary, you will also be eligible to participate in an incentive compensation plan, details of which will be provided under separate cover. The target payout of this incentive plan is 40%.

You will also receive a $15,000 (less taxes) sign-on bonus within your first thirty (30) days of employment. Should your employment with Philips terminate within the first year as a result of voluntary termination, or involuntary termination due to a performance issue or gross misconduct, this bonus would be subject to a pro-rated repayment on a 1/12 per month basis and would be deducted from your final paycheck. If termination is for other than cause you will not be subject to the re-payment terms.

Every January, beginning 2004, Philips will pay a dollar amount equal to 8% of your previous year's net income.

Based upon your position and role within the organization you will be eligible to participate in the Philips Stock Option Plan. In addition you will be eligible for future stock option grants based upon your performance. The provisions of the Philips Stock Option Plan will govern the options you are granted.

The Company will assist in your relocation to Markham, Ontario in accordance with the attached Employee Moving and Transfer Policy.

RAM/PHIL
00223

22100 Bothell Everett Highway
Bothell, Washington 98021-8431
(425) 487 7000

Lou Ramondetta
December 16, 2002
Page2

If you are terminated for cause you will reimburse 100% of the relocation expenses paid by the Company. After six months but before one year following the date of transfer, you will reimburse 75% of the aforementioned relocation expenses. Should you terminate your employment after one year but before two years following the date of your transfer, you will reimburse 50% of the aforementioned relocation expenses. Any taxable benefit resulting from this repayment will be reflected on your T-4.

If termination is for other than cause, during the first 12 months following the date of transfer, the Company will pay for relocation back to Walnut Creek, CA.

Please note that all dollar amounts mentioned in this letter are in Canadian funds.

During your first six months with Philips Electronics Ltd, your performance will be evaluated. If for any reason Philips Electronics Ltd does not want to continue your employment, you may be terminated during this time upon prior written notice or payment in lieu of notice, in accordance with the Employment Standards Act of Ontario.

Effective on your first day of work, you will be eligible for certain Company benefits, which are described in the enclosed Employee Benefits and Programs booklet which was printed from our Company Intranet.

Once you have completed three months service, you will be eligible for the Company Disability Income Protection program, i.e. Short Term and Long Term Disability.

You will be eligible to participate in the Philips Defined Contribution Option of the Pension Plan the first of the month following completion of three months service.

Your position entitles you to a Company vehicle as per the Philips car policy (enclosed). You are entitled to any GM vehicle with a capital cost of $33,700.00. This car will be subject to all Revenue Canada taxation regulations.

Rather than a Company car, you may choose to purchase or lease your own automobile. In such event, the Company will provide a fully taxable (at source) allowance of $1,040.00 (gross) less statutory deductions, per month. If you elect to receive the allowance, all car related expenses are your responsibility.

As your position requires that you operate a vehicle, it is a condition of employment that you possess a valid driver's license for the province in which you operate the vehicle. If you choose the allowance program you must also supply the Company with proof of insurance, including third party liability coverage of at least $1,000,000, and proof of personal ownership of the vehicle, and/or pertinent documents for a leased vehicle, in addition to a valid driver's license. These documents must be supplied to the Fleet Administrator on the date you commence work.

The attached driver information form must be completed and returned to Human Resources on your first day of work. The information on the form will be checked with the Ministry of Transportation periodically.

As a condition of employment, you must sign the attached General Business Principles.

RAM/PHIL
00224

Lou Ramondetta
December 16, 2002
Page3
Your annual vacation entitlement will be 20 days.

This offer is conditional on your obtaining on or before December 31, 2002 a Canadian
work permit approved by Canadian authorities (including Citizenship & Immigration
Canada), failing which, this offer and any agreement resulting from your acceptance is null
and void. In such event that a work permit and any appropriate work related requirements
by Canadian authorities is not obtained by the said date, neither Philips nor its affiliates
shall be liable to you, and neither party will make any claims or demands on the other. In
your seeking to obtain an appropriate work permit and authority to work in Canada, Philips
will provide reasonable assistance in such process, but this will in no way affect the above
noted condition and terms. In addition, as this position will be indefinite and in accordance
with the Canadian immigration guidelines, you may be required to become a landed
immigrant in order to maintain your continued employment with Philips Electronics Ltd.

Lou, please confirm your acceptance by signing the enclosed copy in the appropriate
space and returning it to the undersigned on or before December 6, 2002 along with a
signed copy of the General Business Principles.

If you choose to accept this offer, we will require copies of the following documents:

1)  Canadian Work Permit to support your entitlement to work in Canada
2)  Proof of age in the form of a birth certificate
3)  Void cheque for direct deposit of your pay

We look forward to having you join our team and to a mutually beneficial relationship.

Yours sincerely,

Anetta Hannon
Human Resource Representative


Accepted and Agreed To:

_____          __4/5/03__
Signature                                          Date